THE STATE, THE ATLANTIC CITY WATER WORKS COMPANY, PROSECUTORS, v. CONSTANT SMITH, COLLECTOR OF EGG HARBOR TOWNSHIP, IN ATLANTIC COUNTY

1. There is conferred upon a township committee the power to order money to be raised by taxation to pay the interest upon bonds legally issued by the township. *Rev.*, p. 1202, § 49. Notes were given at the maturity of some bonds for their amount to the holders of them. *Held*, that the township committee could order money to be raised to pay the interest upon these notes.

2. A vote at a township meeting that money be raised to repair a wharf, the township having no authority by statute to own or repair a wharf, is illegal.

3. A vote to raise a sum for fees not otherwise provided for by law is obscure and illegal.

4. A vote to raise money to defray expenses of a suit, if needed, against a party for obstructing a public road and ditch, is within the power of the town meeting.

---

On *certiorari*.

This writ brings up an assessment against the prosecutors for taxes upon their property in Egg Harbor township.

For the prosecutors, *Thompson* and *Endicott*.

For the defendant, *J. J. Crandall*.

Argued at June Term, 1885, before Justices KNAPP and REED.

The opinion of the court was delivered by

REED, J.   The prosecutors are assessed upon property in Egg Harbor township, valued at $30,000.   They bring this assessment up for the purpose of testing the legality of several items for which this tax was levied.

The township assessor assessed, by order of the township committee, upon the property of the inhabitants of the township, the sum of $500 for interest upon notes.   There is no authority vested by statute in the township committee to order money to be raised to pay interest except it be interest upon township bonds legally issued.   *Rev.*, *p.* 1202, § 49.

It is familiar law that the committee must find authority for their acts in some statute.   *Cooley on Taxation* 33.

There is no statute which permits the committee to put in the tax budget a sum for interest upon outstanding indebtedness of the township, except in the instance already mentioned.

It appears that among the notes of the township committee which were outstanding there were three notes given for bonds which had been issued by the township of Egg Harbor, under an act, (*Pamph. L.* 1867, *p.* 63,) and were known as turnpike bonds.   The bonds were canceled and notes were given by the committee in their stead.   The act of 1867 conferred upon the township committee the power to provide for the payment of these bonds by issuing new bonds and renewing the same from time to time, and to raise the amount of the bonds by taxation.

The debt which these bonds represented has never been paid. The holder, if the bonds had matured, was entitled to new bonds or the money which they represented.   The committee had the power to pay them *in toto* by the levy of a tax.   I think they have the power to pay the interest in the same way. The notes were obviously given as a memorandum to avoid the formality attending the issuance of new bonds, and probably in the expectation that they would be speedily paid.   So far as the amount due upon the note which represents those bonds is involved, I think the levy should stand; unless this

can be fixed by agreement the court will adjust it upon further testimony as to what interest is due. The remainder of the sum of $500 is improperly placed in the levy. The next item attacked is the sum of $100 to repair the public wharf at Somers' Point. No statute has been named which confers upon this township the right to own or repair a wharf. There is no authority to raise money by taxation for this purpose.

The third item objected to is the sum of $250 for fees not otherwise provided for. This is entirely obscure. It gives no information as to the nature of the fees, and so it is not apparent that they are within the scope of the purposes for which the town meeting have the right to raise money. *State, Verhule, pros.,* v. *Saalman,* 8 *Vroom* 156.

The fourth item objected to is $100 voted by the township meeting to defray expenses of a suit, if needed, with the water company for obstruction of the road and ditch leading to Adams' landing.

It is argued that this money is voted for to be used upon a contingency, and that there is no power in the town meeting to vote money to be raised by taxation which may not be required. I do not concur in this view. The working, repairing and keeping in order of the public roads in the township is one of the purposes for which the town meeting is expressly authorized to vote money. *Rev., p.* 1194, § 11. The removal of obstructions from these public thoroughfares is one of the most important functions of the township officers. The form of the vote in this instance indicates that obstructions exist in the road mentioned, and that a suit may be necessary to remove them. It was within the discretion of the town meeting to vote this money for the assertion of the township's right to maintain the proper condition and width of this road. That this money may never be used is not an objection so long as there is no abuse of discretion. The amounts required for the different township purposes must always be a matter of estimate, and the several amounts may

or may not be expended. Whether they will all be needed depends upon contingencies.

The fifth reason attacks the assessment of $10.12 upon the property of the prosecutors as part of a school tax of $20, ordered at an annual meeting of the inhabitants of School District No. 14.

No notice of this object or of the amount of money to be raised was given in conformity with section 86 of the act con-cerning schools. *Rev. p.* 1084.

The sixth reason attacks the assessment of $4.12 as a part of the sum of $50, voted at the annual meeting held in District No. 15, to maintain a free public school. The certificate does not show that ten days' notice was given in conformity with the above section of the act. *State* v. *Hardcastle,* 2 *Dutcher* 143.

The result is that the assessment for that portion of the $500 assessed for the payment of interest upon notes not required to pay interest upon the notes given for bonds, is set aside. Also the assessment for the $100 for repairing wharf, and the assessment for the district school tax is, as to the portion assessed upon the prosecutors, vacated. The remainder of the assessment is affirmed.